IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAL BENNETT, | : | CIVIL NO. 3:CV-04-1247 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| JEFFREY BEARD, ET AL., | : | |
| Defendants | : | |

## MEMORANDUM AND ORDER

Plaintiff, Jamal Bennett ("Bennett") is presently proceeding with this 42 U.S.C. § 1983 action *via* an amended complaint. (Doc. 51). Ripe for disposition is defendants' motion to dismiss. (Doc. 59). For the reasons set forth below, the defendants' motion will be held in abeyance.

### I. Allegations of the amended complaint

Bennett alleges that his placement in the Restricted Housing Unit for over a year, and the conditions he endured while incarcerated at the State Correctional Institution at Huntingdon, violated the First, Sixth, Eighth and Fourteenth Amendments. He claims that he was denied food trays for three weeks, denied "yard" for one month, that his mail was interfered with, and that items were illegally confiscated from his cell. He also alleges that his family was continuously harassed by staff

He contends that his First, Eighth, Fourth and Fourteenth Amendment rights were violated when he was given "fabricated misconducts," and, also, when he was subjected to irregular disciplinary proceedings. (Doc. 51, pp. 2, 3).

He further contends that the placement of a "violent mental patient" in his cell violated

his First, Eighth and Fourteenth Amendments. He alleges that he was assaulted by the cellmate and knocked unconscious, and that his complaints about the cellmate resulted in a retaliatory transfer to a correctional facility "on the other side of the state." (Doc. 51, pp. 2, 3).

## II. Standard of Review

When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 44-46 (1957); Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. Estelle v. Gamble, 429 U.S. 97, 107-108 (1976).

## III. Discussion

Defendants seek dismissal of the complaint because the plaintiff has not pled, with appropriate particularity, defendants' personal involvement. To state a viable claim under 42 U.S.C. § 1983, the plaintiff must allege that the defendant, while acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the Constitution of the United States. See 42 U.S.C. § 1983; see also, West v. Atkins, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement may be shown through allegations of personal direction or actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3dCir. 1988). Each defendant

must have been personally involved in the events or occurrences which underlie a claim. See Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003); Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. Rode, 845 F.2d at 1207-08.

Defendants argue as follows:

> Bennett does not allege any particular actions or conduct on the part of any of the Defendants that would rise to the level of personal involvement needed to argue a claim under Section 1983. Specifically, none of the Defendants are mentioned at all in the Amended Complaint. Thus, Bennett failed to even allege that these Defendants had any personal involvement in his alleged claims or that they knew of, or consented, to any of the incidents cited by Bennett in his Amended Complaint.

(Doc. 60, p. 5). The court agrees. Consequently, plaintiff will be afforded an opportunity to file a second amended complaint to cure the identified deficiencies.

In addition, plaintiff will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rule of Civil Procedure 20, Permissive Joinder of Parties, which reads, in pertinent part:

> (A) Permissive Joinder. "All persons may. . . be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given against . . . one or more of the defendants according to their respective abilities.

FED.R.CIV.P. 20(a). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* §1652 at 371-72 (1986). "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action." Mosley v. General Motors Corp., 497 F.2d 1330, 1333 (8th Cir.1974).

Plaintiff is strictly cautioned that the second amended complaint must comply with Rule 20 and involve only related claims or parties.[1] "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D.Pa. 1992). Further, Plaintiff will be required to utilize the court's form complaint in filing his second amended complaint.

AND NOW, to wit, this 17th day of January 2006, **IT IS HEREBY**

---

[1] The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, plaintiff should file separate complaints addressing each violation.

**ORDERED** that:

1. The Clerk of Court is directed to forward to plaintiff a civil rights form complaint.

2. Plaintiff shall file a second amended complaint, utilizing the enclosed civil rights form, on or before Feburary 3, 2006.

3. The Amended Complaint shall contain the same caption and number as is already assigned to this action and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter.

4. Defendants' motion to dismiss (Doc. 59-1) is HELD IN ABEYANCE.

5. Failure to file an amended complaint within the specified time period will result in the motion to dismiss being granted and dismissal of the action in its entirety.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

# FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

## COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The cost for filing a civil rights complaint is $250.00.

If you do not have sufficient funds to pay the full filing fee of $250.00 you need permission to proceed in forma pauperis. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1)   the average monthly deposits to your prison account for the past six months; or

2)   the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $250.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. **Check here if you are submitting the filing fee with the complaint form. \_\_\_\_**

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. <u>You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court</u>. **Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. \_\_\_\_**

**Please Note:** If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**

# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) _____
   (Name of Plaintiff)   (Inmate Number)

_____
(Address)

(2) _____
   (Name of Plaintiff)   (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) _____

(2) _____

(3) _____
   (Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

_____
(Case Number)

CIVIL COMPLAINT

TO BE FILED UNDER: _____ 42 U.S.C. § 1983 - STATE OFFICIALS
                           _____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I.    PREVIOUS LAWSUITS

    A.    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____

_____

_____

_____

1

II. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ____Yes ____No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ____Yes ____No

C. If your answer to "B" is <u>Yes</u>:

    1. What steps did you take? _____

    _____

    2. What was the result? _____

    _____

D. If your answer to "B" is <u>No</u>, explain why not: _____

_____


III. **DEFENDANTS**

(1) Name of first defendant: _____

Employed as _____ at _____
Mailing address: _____

(2) Name of second defendant: _____
Employed as _____ at _____
Mailing address: _____

(3) Name of third defendant: _____
Employed as _____ at _____
Mailing address: _____

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

IV. **STATEMENT OF CLAIM**

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

    1. _____

    _____

    _____

2

2. _____

3. _____

V. **RELIEF**

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. _____

2. _____

3. _____

Case 3:04-cv-01247-JMM-EB   Document 69   Filed 01/17/06   Page 9 of 13

4

I declare under penalty of perjury that the foregoing is true and correct.

Signed this _____ day of _____, 19\_\_\_\_.

_____
(Signature of Plaintiff)

4

# AUTHORIZATION
(Prisoner's Account Only)

Case No. _____

> NOTE: Completing this authorization form satisfies your obligation under 28 U.S.C. § 1915(a)(2) to submit a certified copy of your trust fund account.

I, _____, request and authorize the agency holding me in custody to send to the Clerk of Court, United States District Court for the Middle District of Pennsylvania, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) at the institution where I am incarcerated. I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust account (or institutional equivalent) in the amounts specified by 28 U.S.C § 1915(b).

This authorization is furnished in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $250.00. I also understand that the entire filing fee will be deducted from my account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 19____

_____
Signature of Prisoner

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____        :
_____        :
_____        :    _____
_____        :    Civil Case No.
_____        :
_____        :
    Name of Plaintiff(s)              :    _____
                                      :    Judge
            v.                        :
                                      :    (Number and Judge to be
_____        :     assigned by court)
                                      :
_____        :
                                      :
_____        :
    Name of Defendant(s)

## APPLICATION TO PROCEED IN FORMA PAUPERIS

PLEASE READ CAREFULLY AND FULLY COMPLETE EACH SECTION.

1. _____ I am willing to pursue my claims in this action under the new provisions of The Prison Litigation Reform Act, understanding that pursuing my claim requires payment of a partial filing fee and deduction of sums from my prison account when funds exist until the filing fee of $250.00 has been paid in full.

2. _____ I have enclosed an executed Authorization form which authorizes the Institution holding me in custody to transmit to the Clerk a certified copy of my trust account for the past six (6) months as well as payments from the account in the amounts specified by 28 U.S.C. §1915(b).

3. Have you, prior to the filing of the complaint in this action and while a prisoner as that term is defined in 28 U.S.C. § 1915(h), brought 3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted?   Yes _____   No _____

(a) If the answer is "yes," are you now seeking relief because you are under imminent danger of serious physical injury?
Yes _____   No _____

(b) Please explain in detail why you are under imminent danger of serious physical injury:

_____
_____
_____
_____

4. (a) Are you presently employed at the Institution? Yes _____ No _____

(b) If yes, what is your monthly compensation? $_____

5. Do you own any cash or other property; have a bank account; or receive money from any source? Yes _____ No _____

If the answer is "yes" to any of the above, describe each source and the amount involved.

_____
_____
_____
_____

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                  (Date)                  (Signature of Plaintiff)

This certification is executed pursuant to Title 28, United States Code, Section 1746.

2